WESTERN DIST.
October, 1840.

COLEMAN ET AL
vs.
FLINT.

COLEMAN ET AL vs. FLINT.

APPEAL FROM THE COURT OF THE SIXTH DISTRICT, FOR THE PARISH OF RAPIDES, THE JUDGE THEREOF PRESIDING.

If it appears from reading the protest, that demand of payment was made at the *proper place* on the cashier of the bank, it is sufficient, although it may not be expressly stated that the demand was made *in the banking-house.*

When the appeal is for delay, damages will be allowed.

This is an action against the endorser of a promissory note, for six hundred and eighty-nine dollars and ninety-two cents, signed by Spencer Griffin, and made payable to the order of V. F. Cotton.

Flint was the only endorser that made defence. He pleaded the general issue, and there was judgment against him *in solido,* from which he appealed.

*Elgee,* for the plaintiffs and appellees, insisted that the appeal was frivolous and taken for delay, and that the judgment should be affirmed, with damages.

*Dunbar* and *Hyams,* contra.

*Garland, J.,* delivered the opinion of the court.

This action is brought to enforce the payment of a promissory note, drawn by Griffin, payable to the order of Cotton, who transferred it by endorsement to E. H. Flint & Co., and they to the plaintiffs. Judgment was given against E. H. Flint alone, who is the surviving partner of the late firm of E. H. Flint & Co., and he appealed. The note has been regularly protested, and notice given to the endorser. Our attention has been directed to the protest, and it is said the demand of payment is not sufficiently set forth in it, as the notary does not say he made the demand on the cashier in the banking-house. We think no one can read the protest without being satisfied the demand was there made. We must consider the appeal as one for delay, and, therefore, affirm the judgment, with five per cent. damages and costs.

*If it appear from reading the protest, that demand of payment was made at the proper place on the cashier of the bank, it is sufficient, although it may not be expressly stated that the demand was made in the banking-house.*