Jones, J.
In this case, the plaintiffs claim to have, by virtue of an agreement between them and the defendants, a certain interest in whatever rights the defendants are entitled to, under a certain letter, of which the following is a copy;

Gentlemen : Tour letter of the 30th September, in relation to lines of telegraphic communication proposed to be established by you, has been received. In view of the advantage to the service of a telegraphic communication between the military posts on the proposed route of your line, instructions will be given by this department to afford protection in the line to such extent as may be within the power of the commandants of posts, and also to furnish such subsistence, transportation and facilities as may be reasonably required, without prejudice to the service. Tour obedient servant,
Edwin M. Stanton, Secretary of War.
Messrs. Thurlow Weed, William E. Kelly, R. Gray, George Conant and James L. Pond.”
The plaintiffs’ rights of action (if they have any at all) depend on their establishing this claim. • The defendants deny that the plaintiffs have any interest whatever in any right conferred by the above letter on them. This creates the main issue in the case. The affirmative of this issue rests on the plaintiffs, and they must establish it by a preponderance of proof.
After examining the proofs used on this motion, I am led to the conclusion that there is no preponderance of proof in favor of the plaintiffs. The injunction, therefore, must be dissolved, unless all or one of the following points, made by the defendants, are sufficient to retain it. Those points are :
*69 1st. That,: although the defendant in his answer to the complaint, fully and explicitly denies all the facts contained in the complaint, yet, on a motion made on such complaint and answer, solely, the injunction will be retained, if its dissolution will cause irreparable injury to the plaintiff. Dubois v. Budlong (15 Abb. 445) is cited to support this proposition.
2d. That; although the defendant, in his answer to the complaint, fully and explicitly denies all the facts contained in the complaint, yet, on a motion made on such complaint and answer, solely, the injunction will be retained, unless the defendant shows that he will suffer some pecuniary loss or damage by such retention. Carpenter v. Danforth (19 Abb. 225) is cited for this proposition.
3d.' That when the trial of the action is expected to take place shortly after the argument of the motion to dissolve the injunction, the court- should always retain the injunction until after the trial, bio authority is cited for this.
4th. That when all these matters conjoin, the motion to dissolve should be denied.
I cannot yield my assent to these propositions. If the first two, or either of them, be law, the result would be that, in by far the greatest number of motions to dissolve injunctions, the court would have nothing to do with any question as to the truth of the plaintiffs’ alleged facts, or as to whether those facts showed any liability of the defendants, but would only have to inquire, either whether, in the possible event of the plaintiff’s success on a trial, he would be left without an adequate remedy, by reason of the dissolution of the injunction, or, whether the continuance of the injunction can do any harm to the defendant. It would follow that, no matter to what extent the plaintifi’s allegations were contradicted by the defendant ;■ no matter how insufficient, in the opinion of the judge hearing the motion, such facts might bé to impose on the *70 defendant any liability, yet the injunction could not be dissolved, if either, it produced no immediate pecuniary loss to the defendant, or if the dissolution would have the effect of leaving the plaintiff without an adequate remedy, in the event of his possible success at a trial.
These results are so opposed to what I have always considered the principles of equity, relative to the granting and retaining of injunctions, that I must withhold my assent from the propositions which give birth to them, until some higher tribunal, in' a well considered opinion, shall affirm them.
It may be that, in the present improved state of the law, it will, in time, become an established principle, that the matters contained in these two propositions, as well as that contained in the third proposition, may be taken into consideration in sustaining an injunction, where either the truth of the plaintiff’s allegations of fact, or his right of action on those allegations, is doubtful. Even this would • be a departure from the former equity principles, as I understand, and as they are laid down in Fredericks v. Mayer, (1 Bosw. 232.)
■ It is unnecessary, in this case, to determine whether such departure has been well established, or whether it would not be advisable, in the present state of the law and society, to establish such departure; for, in this case, I am clearly of opinion that the plaintiffs have not established the facts on which their right of action depends.
Before passing to the third proposition, a few words on the cases of Dubois v. Budlong, and Carpenter v. Danforth.
The first of these cases was decided at a general term of this court. The learned judge, who wrote the opinion, says: “ It was the rule in the court of chancery, in common cases, to dissolve an injunction upon the coming in of the answer of the defendants, denying the whole merits and equity of the bill. The exception to this rule existed *71 in such cases as demanded immediate relief, to prevent irreparable injury, &c. and, in those instances, the granting or refusal rested in the sound discretion of the court.” There is no authority cited, no reasoning, by which the judge was led to this conclusion, but, simply, his statement of what he understood to be the rule. It does not profess to be a decision of any point raised and argued. Indeed, the learned judge had, just previous to this remark, decided the case, on the ground that the judge below, in denying the motion for an injunction, had found, as matter of fact, that all the allegations constituting the plaintiffs’ complaint had been fully met and controverted by the defendants. And the general term would not reverse that decision. This can hardly be said to be a decision in favor of the proposition that, when the plaintiff’s allegations are fully met and controverted, an injunction will be retained, because immediate relief is demanded, to prevent irreparable injury.
The case of Carpenter v. Danforth, was decided by the Supreme Court, special term, in the first district. In that case the learned judge, after holding, on the complaint, answer and affidavits, that the defendant was bound to make certain disclosures to the plaintiff, says: “ Whether he did make such disclosures or not, can be better and more safely determined after the trial than on this motion.” And again, he says: “ Though the answer may be said to answer the equity of the complaint, in words, yet I do not think it follows, as a matter of course, that a continuance of the injunction should be denied.” And again: “ I do -not think that I should be justified in dissolving the injunction before trial, particularly as I do not see that the retention of the injunction can be of any pecuniary damage to the • defendants, while, if the plaintiff finally succeeds, he will be entitled to a.re-transfer of the particular stock.”
*72 It is certainly an easy way to avoid the trouble of deciding on conflicting affidavits and the, responsibility of so deciding, to refer such decision to the trial of the case. But, it seems to me, that to admit such a principle is, in effect, to declare that if the plaintiff’s, allegations are disputed, the injunction must be continued, or at least to throw on the defendant the burthen of showing, by vastly preponderating proof, that the plaintiff’s allegations are untrue, instead of requiring the plaintiff, who seeks to sustain the extraordinary and severe remedy.which he has. invoked^ to support his allegations by preponderating proof.
I do not, doubt that if, by any evasiveness, in the defend-. ant’s answer and affidavits, or by admissions therein, either implied or express, sufficient appears to satisfy the court that the plaintiff is entitled to the injunction, then, notwithstanding the defendant, by his answer and affidavits, seemingly, "in. words, denies the. equity of the complaint, and the allegations therein, the injunction may be retained; but I do mean to say that the court must take the trouble and responsibility of ascertaining and deciding, upon all the papers, whether the. plaintiff has or has not established to its satisfaction that he is entitled to retain the injunction. And I mean, further, to say that when the plaintiff in his complaint alleges a fact, on the truth of which his right, to an injunction depends, and the defendant in his answer denies the fact, explicitly, there being no evasiveness, or admission in the answer, and nothing in the answer to cast suspicion on the good faith of the,denial, then on a motion made on the complaint and .answer, without affidavits on either side, the court is. npt.at liberty to Bay that, the plaintiff has established a. right to his injunction; since that would be to hold that an allegation made by the plaintiff is substantiated by the mere oath of the plaintiff, although it is fully met and denied by the . *73 defendant, nothing appearing to give any preponderance of credit to the plaintiff over the defendant.
I have said before, that the court must take the trouble and responsibility of deciding on all the motion papers, whether the plaintiff has or has not a right to the injunction he asks for, the court cannot retain the injunction on the ground that it is doubtful whether the plaintiff has a right to it. The effect of that would be this. The judge would say, I do not know whether you ought to have this injunction, and because I am in this doubt, I will grant you this extraordinary and severe remedy. Thus the plaintiff, instead of establishing a right to the injunction, would only have to raise a doubt as to whether he was entitled to it or not.
I have suggested, above, that it may become an established principle to sustain an injunction in case of doubt, where the effect of its dissolution would be to deprive the plaintiff of. an adequate remedy in the event of ultimate success, or when the effect of its continuance would not be to injure the defendant. But as such principle has not as yet been established, and as it is, in my view, dissonant with the established equity principles relating to injunctions, I must hold, until flatly overruled, that in cases of doubt, it is the duty of the court to dissolve the injunction.
Having, then, come to the conclusion that it is the duty of the court to decide, on motion, whether the plaintiff, on the motion papers, is entitled to an injuction or not, and in cases of doubt, to give the benefit of that doubt to the defendant, and decide that the plaintiff is not entitled to the injunction, it follows that the effect of such decision can be no ground for retaining the injunction. The court cannot say, I decide you have no right to this injunction, hut as it does no harm to the defendant, you can retain it; or, although I decide you have no right to this injunction, yet as another tribunal may differ from me, in *74 which event, you, although ultimately succeeding, may be without adequate remedy, therefore you may retain the injunction. The effect of this would be for a judge to say, 'I decide you have no right to this injunction, yet I decide that you have a right to it until, on some future occasion either I or some other judge decide either that you have not or have a right to it.
The third suggestion, which is that by reason of the ■ proximity of the trial to the argument of the motion, the injunction should be retained, amounts to nothing, unless it amounts to this, that in all cases of such propinquity the motion should not be heard; for if heard and decided,
I fail to see what bearing such propinquity can have upon the plaintiff’s right to an injunction.
■ If, in the opinion of the judge hearing the motion, the plaintiff has otherwise no right to an injunction, the fact that a trial will soon, be had will not. give him such right.
Motion to dissolve the injunction granted, with $10 costs.