40  149
46   96

## No. 10,111.

### CITIZEN'S BANK vs. LOUISE TUREAUD ET ALS.

Proceedings for the distribution of funds in the hands of a sheriff and arising from a sale, partake of the nature of a *concurso* and resemble a *tableau* of distribution.

In such cases, particularly when there exists a clash of interests, it is indispensable that all the claims affecting the proceeds in hand be considered together, and determined by one and the same judgment, and not piecemeal or separately.

This is essential, to avoid confusion and injustice.

In the instant case, as two out of several claims have been passed upon separately, and those having an interest to resist them were not made parties, this Court is powerless to review the judgments complained of.

A APPEAL from the Twenty-second District Court, Parish of St. James. *Rost, J.*

*H. C. Miller* and *R. G. Dugué* for Plaintiff and Appellee.

*Sims & Poché* for Defendants and Appellants.

The opinion of the Court was delivered by

BERMUDEZ, C. J. The contentions in this case relate to the distribution of the proceeds of real estate sold to satisfy plaintiff's vendor's claim.

The amount realized, $6,800, is claimed by a number of opponents who seek preference, the ones over the others, resulting from conventional and judicial mortgages and privileges.

It is unnecessary to state in what particulars the demands respectively clash. It is enough to say that they do, and that they aggregate nearly twice the proceeds of sale.

Two only of those claims were considered and determined below. This was done over the objections of one of the opponents. They were tried and passed upon on different days and by separate judgments, which apparently conflict together and seem to have been left for interpretation and enforcement to the discretion of the executive officer of the court.

The remaining oppositions were not tried, and as far as the transcript shows, are still pending.

It has been well observed, that proceedings of this character partake of the nature of a *concurso* and resemble a *tableau* of distribution. Bowman vs. McKleroy, 14 Ann. 594.

In successions, in surrenders, and in all kindred matters in which funds are involved for distribution, as the common pledge of creditors, it is indispensable, in order to avoid confusion and injustice, particularly where there exists a clash of interests, that all the pretensions affecting the money in hand be tried together and adjudicated upon by one and the same judgment, which, it is important to all concerned, should not be rendered separately and piecemeal, after different trials.

The first judgment here was upon a rule of the bank against opponent Heath, who had subsequently taken one also. It ordered the payment of the bank's claim, $3,300, with interest, attorneys' fees, etc., after retaining an amount sufficient to pay Heath, say $2,200, with interest, attorneys' fees, should he thereafter be decreed entitled thereto.

The second judgment appealed from is on the opposition of Mrs. Gaignard for a priority. That judgment ordered the payment of her claim, some $3,000, by preference over Heath, or so much thereof as may remain after paying the bank, in case there should not be enough to pay both.

The rules were not tried contradictorily with all the parties who had an interest to resist them and who claimed superiority.

That which the district court could not do, it is not in our power to accomplish.

All the opponents must be heard at one and the same time, before there can be rendered any judgment upon the validity and rank of their respective claims.

When this shall have been done, and the adjudication shall be

brought up for review, it will become our duty to hear and determine, but not until then.

It is therefore ordered and decreed, that the judgments appealed from be reversed, and that the case be remanded to the lower court, to be proceeded with according to the views herein expressed and according to law; and that appellees pay costs in both courts, from and after the filing of the rules, the other costs to abide the final determination of the suit.